# MADUEGBUNA COOPER LLP

ATTORNEYS AT LAW
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 232-0155
FAX: (212) 232-0156
www.mcande.com

Defendants should respond by **January 24, 2025 at 12:00 PM**.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: January 23, 2025

January 22, 2025

**VIA ELECTRONIC FILING (ECF)**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: ***Sally Ramirez v. City of New York, et al.***
> <u>Docket No.: 1:24-cv-01061 (AS)</u>

Dear Judge Subramanian:

We represent Plaintiff Sally Ramirez in the above-captioned matter against Defendants City of New York ("City") and S. Devi Jewram ("Jewram") (collectively, "Defendants").

We write to respectfully bring to the Court's attention a discovery dispute that has arisen between the parties and to request that the Court compel Defendants to conduct a search of text messages either by themselves or using a third-party vendor of the official and personal cellphones of Defendant Jewram, Darshan Taylor, and Tabitha Brown, former Deputy Commissioner of Finance/ORMD. Despite earlier agreements to produce relevant text messages pursuant to the Electronically Stored Information ("ESI") protocol, Defendants have now reversed their position and refuse to search or produce these messages.

The parties' lead trial counsel, Samuel O. Maduegbuna for Plaintiff and Bryan Carr Olert for Defendants, conferred by email at 10:27 AM and 10:50 AM on January 8 (**Ex. 1**) and by telephone for approximately 30 minutes beginning at 1:10 PM on January 9, 2025, but were unable to resolve the dispute.

## I. Case Description

As the Court is aware, Plaintiff, a Director in the Finance Office of the City's Human Resources Administration ("HRA") who is 61 years old and of Guyanese descent, filed this action alleging discrimination and retaliation based on her race, color, national origin, and age. The individual defendant, Jewram, has a documented history of making discriminatory remarks, including comments denigrating Guyanese people and expressing bias against older workers.

*Ramirez v. City of New York, et al.*
**January 22, 2025**
**Page 2 of 3**

In October 2022, Plaintiff discovered that a high-ranking position, the Assistant Deputy Commissioner of the Bureau of Revenue Development and Automation ("ADC position"), for which she was highly qualified, had been filled by a less qualified, younger candidate, Darshan Taylor, with active assistance from Jewram. Despite her qualifications, Plaintiff was not granted an interview. In January 2023, upon learning of Taylor's promotion, Plaintiff experienced severe physical and emotional distress, becoming so ill that she had to leave the office immediately. She was subsequently approved for FMLA leave and granted reasonable accommodation to work from home starting April 4, 2023. However, this accommodation was revoked in December 2024 by Jewram and Taylor, just one day after the Court denied the motion to dismiss as against Jewram.

## II. Defendants Refuse to Search Text Messages

On August 14, 2024, Plaintiff served an ESI proposal with four custodians and twenty-six search terms. The proposal also stated that "The following sources must be searched: 1. Custodian cell phones issued by the City and 2. Custodian personal cell phones used to conduct or discuss City business." **Ex. 2**. The parties met and conferred on the ESI proposal on September 16 and discussed, inter alia, then-defense counsel Desiree Alexander "look[ing] to agency to see information on devices for custodians…" **Ex. 3** at 10.

On September 19, Defendants' ESI counsel, Karel Jaros wrote, "We had mentioned cell phones - to the extent relevant cell phone data exists, we will need search parameters suitable for text messages." *Id.* at 7-8. On September 24, Plaintiff asked for identifying information on the devices used and associated phone numbers before a search could be run. *Id.* at 2. On October 1, Mr. Jaros suggested discussing cell phones when the device types became known. *Id.* at 1. Mr. Jaros never reported back on the device types.

On September 27, after the filing of the motion to dismiss the Amended Complaint, Mr. Olert filed a notice of appearance. Dkt. # 33. After the order denying the motion to dismiss was filed and the parties further addressed ESI, on January 8, 2025, Mr. Olert wrote, "I don't think we discussed cellphones previously and it's far too late to begin a cellphone search. Given the already significant amount of ESI that Defendants are going to produce, conducting an additional search of cellphones is disproportionate to the needs of this case." **Ex. 1** at 3. Plaintiff objected that search of cellphones was discussed as part of ESI and that "cellphone searches are essential and non-negotiable." *Id.* at 2. In response, Mr. Olert wrote that "the cellphone issue will have to be briefed." *Id.* at 1.

It bears noting during the last meet and confer, Plaintiff's counsel suggested that rather than use search terms, Defendants collect text messages containing terms relevant to the issues in this case, using readily available inexpensive tools such as decipher.com, but counsel refused.

## III. Defendants Must be Compelled to Search for Texts

Defendants, either by themselves or using a third-party vendor, must search the HRA and personal phones of Jewram and relevant witnesses for texts. Under Rule 26, "[p]arties may obtain

*Ramirez v. City of New York, et al.*
**January 22, 2025**
**Page 3 of 3**

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To avoid production of ESI, the objecting party "must show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B); *Thomas v. City of New York*, 336 F.R.D. 1, 1 (E.D.N.Y. 2020); *Stinson v. City of New York*, 2015 WL 4610422, at * 4 (S.D.N.Y. July 23, 2015).

Texting is overtaking email in its importance for discovery. "Many Americans use text messages as their primary contact and access text messages much more than they would email or regular mail." *Yates v. Checkers Drive-In Restaurants, Inc.*, 2020 WL 6447196, at *3 (N.D. Ill. Nov. 3, 2020).  "Counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004).

The Court should direct Defendants to either search or retain a vendor to adequately search cell phones, using forensic imaging or another reliable software method. Defendants failed to search, as promised, custodian phones. Plaintiff only listed four custodians to search for, including Plaintiff. In failing their discovery obligations, Defendants should not get a mulligan; a search is necessary using a vendor or by defendants themselves. *Schreiber v. Friedman*, 2017 WL 11508067, at *5 (E.D.N.Y. Aug. 15, 2017); *Tate v. Zaleski*, 2020 WL 3404739, at *6 (S.D. Miss. June 19, 2020) (compelling vendor search of personal cell phones in employment case where parties' search was incomplete and unreliable).

Plaintiff's entitlement to relevant discovery outweighs privacy concerns. *Johnson v. City of New York*, 2018 WL 276349, at *3 (E.D.N.Y. Jan. 3, 2018) (ordering defendants to produce personal phone records in employment discrimination case and finding privacy objection "conclusory and lacking good cause or claims of privilege as required by Federal and Local Rules."). Privacy can be addressed by a confidentiality agreement and limiting the search to the search terms agreed to by the parties for ESI. *Co. v. Glob. Bio-Fuels Tech., LLC*, 2016 WL 6605070, at *3 (N.D.N.Y. May 20, 2016) (privacy concerns in laptop search by expert satisfied with use of targeted search terms); *Schreiber*, 2017 WL 11508067, at *6 (privilege review adequately protects privacy concerns from imaged devices).

Accordingly, Plaintiff respectfully requests that the Court (1) compel Defendants to search the HRA-issued and personal cell phones of Plaintiff, Defendant Jewram, Darshan Taylor, and Tabitha Brown (former Deputy Commissioner of Finance/ORMD) as identified in Plaintiff's ESI proposal using forensic imaging or software capable of recovering deleted texts, (2) require the vendor to provide a Hit Report, and (3) direct Defendants to produce relevant texts with a report indicating the dates any texts were deleted.

Respectfully submitted,

Samuel O. Maduegbuna

cc:     Bryan Carr Olert, Esq. (*via* ECF)

**MADUEGBUNA COOPER LLP**
**30 Wall Street, 8th Floor, New York, New York 10005**
**(212) 232 - 0155**

# EXHIBIT 1

| | |
|---|---|
| **From:** | Olert, Bryan (Law) |
| **To:** | Samuel O. Maduegbuna |
| **Cc:** | Caroline Gallagher |
| **Subject:** | RE: [EXTERNAL] RE: Ramirez - Defendants" Rule 26 Disclosures |
| **Date:** | Wednesday, January 8, 2025 11:56:25 AM |

Hi Sam,

We will submit the email search today.

I think the cellphone issue will have to be briefed.

Best,

Bryan Carr Olert
Assistant Corporation Counsel
New York City Law Department
100 Church Street, 2nd Floor
New York, NY 10007
Office: (212) 356-2203

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain CONFIDENTIAL or PRIVILEGED material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Samuel O. Maduegbuna <sam.m@mcande.com>
**Sent:** Wednesday, January 8, 2025 10:50 AM
**To:** Olert, Bryan (Law) <bolert@law.nyc.gov>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>
**Subject:** Re: [EXTERNAL] RE: Ramirez - Defendants' Rule 26 Disclosures

Hi Bryan,

Thank you for your email.

We agree to your email search proposal.


However, I must clarify that we discussed

cellphone searches back in September 2024 before you appeared in the case, and Karel is fully aware of this. As we indicated then, cellphone searches are essential and non-negotiable.

Given what we have observed in the promotion process, the relevance of these communications is clear, and the collection poses no undue burden. It is certainly not disproportionate to the needs of this case. We believe this data must be collected and included.

If we cannot come to an agreement on this, we will have no choice but to write to the judge, though we would strongly prefer to resolve this matter collaboratively.


Please let us know how you wish to proceed today.

Best,


Sam

**Sent from my iPhone, Please Excuse Brevity & Typos**

Samuel O. Maduegbuna, Esq.
Maduegbuna Cooper LLP
Attorneys at Law
30 Wall Street, 8th Fl
New York, NY 10005
Tel: (212) 232-0155
Fax: (212) 232-0156
www.mcande.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify us at (212)232-0155 and permanently delete the original and any copy of this e-mail and any printout thereof.

On Jan 8, 2025, at 10:27 AM, Olert, Bryan (Law) <bolert@law.nyc.gov> wrote:

Hi Sam,

I spoke with Karel. We agree with your email search proposal with three exceptions.

1. Rows 8 and 9: The words "progress" and "opportunity" are far to general. Unless there is some other significant limitation that you propose, we are not producing documents responsive to Rows 8 and 9.
2. No search should continue past the filing of the complaint on May 7, 2024 because nothing past that is relevant
3. Row 17 should not extend past the date of  January 3, 2023 because "projects" after that date are not relevant

I need to make the request for ESI today in order to make the production before depositions begin.

I don't think we discussed cellphones previously and it's far too late to begin a cellphone search. Given the already significant amount of ESI that Defendants are going to produce, conducting an additional search of cellphones is disproportionate to the needs of this case.

Best,

Bryan Carr Olert
Assistant Corporation Counsel

New York City Law Department
100 Church Street, 2nd Floor
New York, NY 10007
Office: (212) 356-2203

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain CONFIDENTIAL or PRIVILEGED material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Samuel O. Maduegbuna <sam.m@mcande.com>
**Sent:** Tuesday, January 7, 2025 7:01 PM
**To:** Olert, Bryan (Law) <bolert@law.nyc.gov>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>
**Subject:** RE: [EXTERNAL] RE: Ramirez - Defendants' Rule 26 Disclosures

Bryan:

We are checking and will get back to you on the date (January 17) proposed for deposition of Ms. Ramirez.

As to Jewram and Taylor, we should plan to take then on January 20 and 28 respectively. January 21 is not good.

We will need to depose all the individuals listed in Defendants' Rule 26 disclosures. Please advise dates, but we are holding January 23, 24, and 29 for them and can take multiple witnesses on the same day.

Please let me know.

Best,

Sam

Samuel O. Maduegbuna, Esq.
Maduegbuna Cooper LLP
Attorneys at Law
30 Wall Street, 8th Fl
New York, NY 10005
Tel: (212) 232-0155
Cell: (914) 954-2798

**MADUEGBUNA COOPER LLP**
**30 Wall Street, 8th Floor, New York, New York 10005**
**(212) 232 - 0155**

# EXHIBIT 2

# MADUEGBUNA COOPER LLP

ATTORNEYS AT LAW

30 WALL STREET

8TH FLOOR

NEW YORK, NEW YORK 10005

(212) 232-0155

FAX: (212) 232-0156

www.mcande.com

August 14, 2024

<u>**VIA ELECTRONIC MAIL**</u>
MURIEL GOODE-TRUFANT
New York City Law Department
100 Church Street, Room 2-109h
New York, NY 10005

Attention: Desiree D. Alexander, Esq.

> Re:  ***Sally Ramirez v. City of New York, et al.***
> <u>**Docket No.:  1:24-cv-01061 (AS)**</u>

Dear Ms. Alexander:

Plaintiff requests that Defendants conduct a search of electronically-stored information ("ESI") using the following protocol after the parties have met and conferred and agreed.

## I.    Custodians

The following custodians should have search terms applied to their ESI:

1. Plaintiff Sally Ramirez
2. S. Devi Jewram, Deputy Commissioner of Finance/Office of Revenue Management and Development ("ORMD")
3. Darshan Taylor, Assistant Deputy Commissioner of the Bureau of Revenue Development and Automation
4. Tabitha Brown, former Deputy Commissioner of Finance/ORMD

## II.    Timeframe

January 1, 2018 to present

## III.    Search Terms

1. Discriminat\* or lawsuit w/60 (Sally or Ramirez)

*Edwards v. CVS Health Corporation*
**August 14, 2024**
**Page 2 of 4**
_____

2.  Promot\* w/60 (Sally or Ramirez)

3.  Promot\* w/60 (Darshan or Taylor)

4.  Guyan\* w/60 (Sally or Ramirez)

5.  Guyan\* w/60 (Devi or Jewram)

6.  Retire\* w/60 (Devi or Jewram)

7.  Opportunit\* w/60 (Devi or Jewram)

8.  Progress w/60 (Devi or Jewram)

9.  Old w/60 (Sally or Ramirez)

10. Old w/60 (Devi or Jewram)

11. Old w/60 (Anthony or Meijas)

12. Interview\* w/60 (Sally or Ramirez)

13. Interview\* w/60 (Darshan or Taylor)

14. Resume\* w/60 (Darshan or Taylor)

15. Complain\* w/60 (Sally or Ramirez)

16. Select\* w/60 (Darshan or Taylor)

17. Congratulat\* w/60 (Darshan or Taylor)

18. Accomplish\* w/60 (Sally or Ramirez)

19. Accomplish\* w/60 (Darshan or Taylor)

20. Develop\* w/60 (Sally or Ramirez)

21. Develop\* (Darshan or Taylor)

22. Form\* 1099 w/60 (Darshan or Taylor)

23. Young w/60 (Darshan or Taylor)

*Edwards v. CVS Health Corporation*
**August 14, 2024**
**Page 3 of 4**
_____

24. Guid* w/60 (Darshan or Taylor)

25. FMLA w/60 (Sally or Ramirez)

26. All terms used by Defendants to search its ESI

**IV.     Location of Searches**

The following sources must be searched:

1. Custodian cell phones issued by the City of New York ("City");[1]

2. Custodian personal cell phones used to conduct or discuss City business;

3. Custodian City-issued email accounts and archives;

  i.   All email subfolders;

  ii.  Unsent and/or draft and/or saved emails;

4. Custodian desktops or laptops;

5. Private or shared computer drives used by the Custodians;

6. Custodian personal email accounts used to conduct or discuss City business; and,

7. Any other location identified in Defendants' discovery responses.

**V.      Search Protocol**

Pursuant to Rule 34(b)(2)(E)(ii), Plaintiff requests that the ESI be produced in the following format:

1. Please provide a Hit Report for search terms and email domains for our review before we meet and confer on Plaintiff's proposed ESI protocol.

2. The Hit Report should show the number of documents identified, rather than the number of "hits" returned for each search term.

---

[1] We are available to discuss the best approach to searching cell phones for text messages instead of using connectors.

_____

3.  The Hit Report should be de-duplicated to ensure that documents with hits from more than one search term are not counted twice in the Hit Report as positive returns.

4.  The production must be in .PDF format and email chains/conversations must be produced as one cohesive .PDF file and may not be divided into separate .PDF files for each email. To be clear, we will not accept TIFF files.

5.  The production must be threaded. All segments of each email chain must be produced as one document or as a "most-inclusive email thread." A most inclusive email thread is one that contains all of the prior or lesser-included emails, including attachments, for that branch of the email thread. For example, if an email chain contains one original email and 10 response emails, the ESI must be produced as a single threaded email chain. We will not accept 11 separate PDF documents in which every response to the original email is sequentially reproduced ten times.

6.  The production must be de-duplicated to ensure that the exact same emails will not be produced from different custodian multiple times.

7.  All attachments should be produced in order, with native attachments produced in a separate folder after identification with a slip sheet of the bates number.

8.  The Federal Rules require that discoverable information must be produced in "the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Rule 34(b)(2)(E)(ii). As such, if the ESI are electronically searchable, we expect to receive them in the same format and trust that the ESI's ability to be searched will not be destroyed or degraded.

**VI.    Conclusion**

Please review and let us discuss how to proceed with the search in accordance with Rule 26 of the Federal Rules of Civil Procedure, including the adoption of a production format.

If you have any questions or concerns, please do not hesitate to contact us.

Very truly yours,

Samuel O. Maduegbuna

SOM/clg

**MADUEGBUNA COOPER LLP**
30 Wall Street, 8th Floor, New York, New York 10005
(212) 232 - 0155

# EXHIBIT 3

| | |
|---|---|
| **From:** | Jaros, Karel (LAW) |
| **To:** | Samuel O. Maduegbuna; Alexander, Desiree (Law) |
| **Cc:** | Caroline Gallagher; Smith, Sabrina (LAW) |
| **Subject:** | Re: [EXTERNAL] Sally Ramirez v. City of New York, et al. |
| **Date:** | Tuesday, October 1, 2024 2:33:18 PM |

Thanks, Sam. Sorry I was out sick last week. I have submitted the request for a search term report to DSS and will let you know as soon as we receive it.

Let's discuss cell phones once we know what types of devices we are dealing with. I like to use iMazing, but I think DSS uses Android phones. Unfortunately, we cannot use web/cloud-based tools due to City security policies that prohibit upload of employee data to most cloud service providers.

Best,

Karel

**Karel Jaros** he|him|his
Senior Counsel, E-Discovery

**office:** 212.356.1104 | **work cell:** 646.939.7444
**email:** karjaros@law.nyc.gov

New York City Law Department
Labor and Employment Law Division
100 Church Street, Rm. 2-125, New York, New York 10007

**Confidentiality Notice:** This email and any attachments may contain information that is **privileged**, **confidential**, or otherwise **protected from disclosure**. If you are not the intended recipient, not authorized to receive such communications, or do not wish to receive such communications, please notify the sender immediately and destroy all copies of the original message. Unauthorized use of this communication is prohibited.

---

**From:** Samuel O. Maduegbuna <sam.m@mcande.com>
**Sent:** Tuesday, September 24, 2024 2:10 PM
**To:** Jaros, Karel (LAW) <karjaros@law.nyc.gov>; Alexander, Desiree (Law) <dealexan@law.nyc.gov>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>; Smith, Sabrina (LAW) <sabsmith@law.nyc.gov>
**Subject:** RE: [EXTERNAL] Sally Ramirez v. City of New York, et al.

Karel:

Pardon the delay.

I have finally reviewed and we should proceed as follows:

1. You can submit the consolidated search terms DSS to obtain a hit report.

2.  We disagree with your objections as to the timeframe, but if you can modify the timeframe for each keyword, let me know what would look like. We can use the dates in the Amended complaint as a guide. In that regard, I agree that it is best to search for certain specific (not all) terms only during the time period for which they are relevant.

3.  Yes, these searches are for emails only, but we will need search parameters suitable for text messages. You may propose terms or we can simply use web based tools such as Decipher Tools to search the devices for some key terms we can both agree. Before we address the text messages, we need to identify the devices used and associated phone numbers.   Per Desiree's email below: ***"Des will look to agency to see information on devices for custodians- make and model of the phone and who's number is who's for all custodians."***

4.   Proposed search terms and timeframe for Tabitha Brown should be
    a.  January 1, 2018 to her retirement date in 2022
    b.  Seach terms should be the same as agreed consolidated search terms

5.  Overall, upon receipt of the Hit Report, we will review and decide if we need to change, tweak or further revise all search terms.

Please let me know if you have any comments or questions and how soon you expect to have a hit count.

Thanks,

Sam
Samuel O. Maduegbuna, Esq.
Maduegbuna Cooper LLP
Attorneys at Law
30 Wall Street, 8th Fl
New York, NY 10005
Tel: (212) 232-0155
Cell: (914) 954-2798
Fax: (212) 232-0156
www.mcande.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify us at (212)232-0155 and permanently delete the original and any copy of this e-mail and

any printout thereof.

 Please consider the environment before printing this e-mail.

---

**From:** Samuel O. Maduegbuna
**Sent:** Thursday, September 19, 2024 1:49 PM
**To:** 'Jaros, Karel (LAW)' <karjaros@law.nyc.gov>; Alexander, Desiree (Law) <dealexan@law.nyc.gov>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>; Smith, Sabrina (LAW) <sabsmith@law.nyc.gov>
**Subject:** RE: [EXTERNAL] Sally Ramirez v. City of New York, et al.

Noted. I will come back to you.

Samuel O. Maduegbuna, Esq.
Maduegbuna Cooper LLP
Attorneys at Law
30 Wall Street, 8th Fl
New York, NY 10005
Tel: (212) 232-0155
Cell: (914) 954-2798
Fax: (212) 232-0156
www.mcande.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify us at (212)232-0155 and permanently delete the original and any copy of this e-mail and any printout thereof.

 Please consider the environment before printing this e-mail.

---

**From:** Jaros, Karel (LAW) <karjaros@law.nyc.gov>
**Sent:** Thursday, September 19, 2024 1:46 PM
**To:** Samuel O. Maduegbuna <sam.m@mcande.com>; Alexander, Desiree (Law) <dealexan@law.nyc.gov>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>; Smith, Sabrina (LAW) <sabsmith@law.nyc.gov>
**Subject:** Re: [EXTERNAL] Sally Ramirez v. City of New York, et al.

Got it. I did combine them, but you claimed ours were too narrow, so I defaulted to

whichever search was broader, which was yours. The search referencing Mejias would be included in this search:

Old*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")

Of course, I would be happy to use our search instead, as it is tailored to the specific allegations in the complaint, but it would not make sense to run both. Your search also listed the custodians as additional search terms for old, but because the custodians' names will be in every email we collect they would not serve as a useful limiter.

**Karel Jaros** he|him|his
Senior Counsel, E-Discovery

**office:** 212.356.1104 | **work cell:** 646.939.7444
**email:** karjaros@law.nyc.gov

New York City Law Department
Labor and Employment Law Division
100 Church Street, Rm. 2-125, New York, New York 10007

**Confidentiality Notice:** This email and any attachments may contain information that is **privileged**, **confidential**, or otherwise **protected from disclosure**. If you are not the intended recipient, not authorized to receive such communications, or do not wish to receive such communications, please notify the sender immediately and destroy all copies of the original message. Unauthorized use of this communication is prohibited.

---

**From:** Samuel O. Maduegbuna <sam.m@mcande.com>
**Sent:** Thursday, September 19, 2024 1:37 PM
**To:** Jaros, Karel (LAW) <karjaros@law.nyc.gov>; Alexander, Desiree (Law) <dealexan@law.nyc.gov>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>; Smith, Sabrina (LAW) <sabsmith@law.nyc.gov>
**Subject:** RE: [EXTERNAL] Sally Ramirez v. City of New York, et al.

Karel —

The plan was to combine/consolidate both Plaintiff's and yours of 9/16.

I am therefore referring to your omitting the following from your own proposal:

(Sally OR Ramirez) AND (Old AND (Mejias OR Anthony OR "Computer Associate")) OR

Did you actually combine/consolidate both or you simply revised ours?  If not, please combine/consolidate before I review.

Samuel O. Maduegbuna, Esq.

Maduegbuna Cooper LLP

Attorneys at Law

30 Wall Street, 8th Fl

New York, NY 10005

Tel: (212) 232-0155

Cell: (914) 954-2798

Fax: (212) 232-0156

www.mcande.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify us at (212)232-0155 and permanently delete the original and any copy of this e-mail and any printout thereof.

 Please consider the environment before printing this e-mail.

---

**From:** Jaros, Karel (LAW) <karjaros@law.nyc.gov>
**Sent:** Thursday, September 19, 2024 1:16 PM
**To:** Samuel O. Maduegbuna <sam.m@mcande.com>; Alexander, Desiree (Law) <dealexan@law.nyc.gov>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>; Smith, Sabrina (LAW) <sabsmith@law.nyc.gov>
**Subject:** Re: [EXTERNAL] Sally Ramirez v. City of New York, et al.

OK, I will await your response. By the way, your August 14 letter does not include the term Mejias. If I missed anything, let me know which search number you are referring to and I can add it.

Best,

**Karel Jaros** he│him│his
Senior Counsel, E-Discovery

**office:** 212.356.1104 | **work cell:** 646.939.7444
**email:** karjaros@law.nyc.gov

New York City Law Department
Labor and Employment Law Division
100 Church Street, Rm. 2-125, New York, New York 10007

**Confidentiality Notice:** This email and any attachments may contain information that is **privileged**, **confidential**, or otherwise **protected from disclosure**. If you are not the intended recipient, not authorized to receive such communications, or do not wish to receive such communications, please notify the sender immediately and destroy all copies of the original message. Unauthorized use of this communication is prohibited.

**From:** Samuel O. Maduegbuna <sam.m@mcande.com>
**Sent:** Thursday, September 19, 2024 1:02 PM
**To:** Jaros, Karel (LAW) <karjaros@law.nyc.gov>; Alexander, Desiree (Law) <dealexan@law.nyc.gov>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>; Smith, Sabrina (LAW) <sabsmith@law.nyc.gov>
**Subject:** RE: [EXTERNAL] Sally Ramirez v. City of New York, et al.

Karel –

Confirming receipt.

We of course disagree on all points – search terms and timeframe and relevance.

I will need more time to review what you sent, which on first pass seem to omit some terms, such as Mejias as an example.

Do NOT request for a hit count  yet. Let me get back to you by close of business tomorrow on the revised search terms (which I assume are the 18 items in your email not attached) and also as to Tabitha.

Thanks,

Sam


Samuel O. Maduegbuna, Esq.
Maduegbuna Cooper LLP
Attorneys at Law
30 Wall Street, 8th Fl
New York, NY 10005
Tel: (212) 232-0155
Cell: (914) 954-2798
Fax: (212) 232-0156
www.mcande.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any

dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify us at (212)232-0155 and permanently delete the original and any copy of this e-mail and any printout thereof.

 Please consider the environment before printing this e-mail.

**From:** Jaros, Karel (LAW) <karjaros@law.nyc.gov>
**Sent:** Thursday, September 19, 2024 11:59 AM
**To:** Samuel O. Maduegbuna <sam.m@mcande.com>; Alexander, Desiree (Law) <dealexan@law.nyc.gov>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>; Smith, Sabrina (LAW) <sabsmith@law.nyc.gov>
**Subject:** Re: [EXTERNAL] Sally Ramirez v. City of New York, et al.

Hi Sam,

As discussed, please find attached your search terms formatted so that they fit in the collection software. I will submit these to DSS to obtain a hit report. However, please keep in mind that us providing these terms does not mean we agree to them. Rather, we want to reiterate our objection that these terms are overbroad and not tailored to the particular issues and circumstances of this case. You are trying to search for words with common meanings, like old, and the only other limitation is the first or last name of the involved persons, two of which are custodians. Not only are some of these names extremely common (Ramirez, Taylor), to the extent we are searching Plaintiff's own mailbox, these terms do not limit the collection at all.

I was able to consolidate some of your searches as they included both custodians as a search term, making the names redundant. For example, your searches 4 and 5 both look for Guyan*, one adding Ramirez, the other adding Jewram. As both persons are custodians, the names are redundant. This allowed me to consolidate the searches into one. The same is true for "old" - which I expect to be problematic.

I also wanted to reiterate our objection to the timeframe, which is also overbroad and not tailored to the particular issues and circumstances of this case. I formatted the search in a way that allows us to modify the timeframe for each keyword. This would allow us to search for terms only during the time period for which they are relevant.

Lastly, I also want to point out that these searches are for emails only. We had mentioned cell phones - to the extent relevant cell phone data exists, we will need

search parameters suitable for text messages.

Please let me know if you have any comments before I submit the request for a hit count. Please also send me your proposed search terms and timeframe for Tabitha Brown.

Best,

Karel

1.    (Sally OR Ramirez) AND Discriminat*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
2.    (Sally OR Ramirez OR Darshan OR Taylor) AND Promot*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
3.   Guyan*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
4.   Retire*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
5.   Opportunit*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
6.   Progress*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
7.   Old*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
8.   Interview*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
9.   (Sally OR Ramirez) AND Complain*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
10.  (Darshan OR Taylor) AND Resume*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
11.  (Darshan OR Taylor) AND Select*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
12.  (Darshan OR Taylor) AND Congratulat*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
13.  (Sally OR Ramirez OR Darshan OR Taylor) AND Accomplish*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
14.  (Sally OR Ramirez OR Darshan OR Taylor) AND Develop*(c:c)(sent=2018-01-01..2024-09-01)(kind="email")
15.  (Darshan OR Taylor) AND (Form AND 1099)(c:c)(sent=2018-01-01..2024-09-01)(kind="email")

16. (Darshan OR Taylor) AND young(c:c)(sent=2018-01-01..2024-09-01)(kind="email")

17. (Darshan OR Taylor) AND guid(c:c)(sent=2018-01-01..2024-09-01)(kind="email")

18. (Sally OR Ramirez) AND FMLA(c:c)(sent=2018-01-01..2024-09-01)(kind="email")

**Karel Jaros** he|him|his

Senior Counsel, E-Discovery

**office:** 212.356.1104 | **work cell:** 646.939.7444
**email:** karjaros@law.nyc.gov

New York City Law Department
Labor and Employment Law Division
100 Church Street, Rm. 2-125, New York, New York 10007

**Confidentiality Notice:** This email and any attachments may contain information that is **privileged**, **confidential**, or otherwise **protected from disclosure**. If you are not the intended recipient, not authorized to receive such communications, or do not wish to receive such communications, please notify the sender immediately and destroy all copies of the original message. Unauthorized use of this communication is prohibited.

**From:** Samuel O. Maduegbuna <sam.m@mcande.com>
**Sent:** Monday, September 16, 2024 3:56 PM
**To:** Alexander, Desiree (Law) <dealexan@law.nyc.gov>; Jaros, Karel (LAW) <karjaros@law.nyc.gov>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>; Smith, Sabrina (LAW) <sabsmith@law.nyc.gov>
**Subject:** RE: [EXTERNAL] Sally Ramirez v. City of New York, et al.

Thanks, Desiree. Pretty much sums it up.

Samuel O. Maduegbuna, Esq.
Maduegbuna Cooper LLP
Attorneys at Law
30 Wall Street, 8th Fl
New York, NY 10005
Tel: (212) 232-0155
Cell: (914) 954-2798
Fax: (212) 232-0156
www.mcande.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you

are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify us at (212)232-0155 and permanently delete the original and any copy of this e-mail and any printout thereof.

 Please consider the environment before printing this e-mail.

---

**From:** Alexander, Desiree (Law) <dealexan@law.nyc.gov>
**Sent:** Monday, September 16, 2024 3:43 PM
**To:** Jaros, Karel (LAW) <karjaros@law.nyc.gov>; Samuel O. Maduegbuna <sam.m@mcande.com>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>; Smith, Sabrina (LAW) <sabsmith@law.nyc.gov>
**Subject:** RE: [EXTERNAL] Sally Ramirez v. City of New York, et al.

Hi All,

Great meet and confer today. As discussed,

- Sam will give us specific search terms for Tabitha and it wont count against our 20 terms. We can also revise the time frame, by Wednesday 9/18
- Karel will try to combine the search terms to get to 20 and under search terms. He'll send it over by 9/18.
- if permissible then we can run a hit report and send over that over
- We'll meet again to discuss after the hit report to discuss collection
- Des will look to agency to see information on devices for custodians- make and model of the phone and who's number is who's for all custodians.
- Let me know if I missed anything about proposed next steps.


**Desiree Alexander, Esq.**
Senior Counsel
Labor and Employment Division
New York City Law Department
Office of the Corporation Counsel
100 Church Street, 2nd Floor Rm 2-109h
New York, NY 1007

---

**From:** Alexander, Desiree (Law)
**Sent:** Monday, September 16, 2024 10:11 AM
**To:** Jaros, Karel (LAW) <karjaros@law.nyc.gov>; Samuel O. Maduegbuna <sam.m@mcande.com>
**Cc:** Caroline Gallagher <cgallagher@mcande.com>; Smith, Sabrina (LAW) <sabsmith@law.nyc.gov>
**Subject:** RE: [EXTERNAL] Sally Ramirez v. City of New York, et al.

Haha, I am good with that!

**Desiree Alexander, Esq.**