**MADUEGBUNA COOPER LLP**
ATTORNEYS AT LAW
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 232-0155
FAX: (212) 232-0156
www.mcande.com

January 22, 2025

<u>VIA ELECTRONIC FILING (ECF)</u>
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Defendants should search text messages on Jewram's, Taylor's, and Brown's work phones and Jewram's and Taylor's personal phones. In terms of the parameters of the search, the parties should be reasonable about how it's done, mindful of the cost and burden involved. The same goes for plaintiff. She must search her devices and make the appropriate productions to defendants. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 51.
>
> SO ORDERED.
>
> */s/ Arun Subramanian*
>
> Arun Subramanian, U.S.D.J.
> Date: January 27, 2025

Re:  *Sally Ramirez v. City of New York, et al.*
<u>Docket No.:  1:24-cv-01061 (AS)</u>

Dear Judge Subramanian:

    We represent Plaintiff Sally Ramirez in the above-captioned matter against Defendants City of New York ("City") and S. Devi Jewram ("Jewram") (collectively, "Defendants").

    We write to respectfully bring to the Court's attention a discovery dispute that has arisen between the parties and to request that the Court compel Defendants to conduct a search of text messages either by themselves or using a third-party vendor of the official and personal cellphones of Defendant Jewram, Darshan Taylor, and Tabitha Brown, former Deputy Commissioner of Finance/ORMD. Despite earlier agreements to produce relevant text messages pursuant to the Electronically Stored Information ("ESI") protocol, Defendants have now reversed their position and refuse to search or produce these messages.

    The parties' lead trial counsel, Samuel O. Maduegbuna for Plaintiff and Bryan Carr Olert for Defendants, conferred by email at 10:27 AM and 10:50 AM on January 8 (**Ex. 1**) and by telephone for approximately 30 minutes beginning at 1:10 PM on January 9, 2025, but were unable to resolve the dispute.

### I.     Case Description

    As the Court is aware, Plaintiff, a Director in the Finance Office of the City's Human Resources Administration ("HRA") who is 61 years old and of Guyanese descent, filed this action alleging discrimination and retaliation based on her race, color, national origin, and age. The individual defendant, Jewram, has a documented history of making discriminatory remarks, including comments denigrating Guyanese people and expressing bias against older workers.

*Ramirez v. City of New York, et al.*
**January 22, 2025**
Page 2 of 3

In October 2022, Plaintiff discovered that a high-ranking position, the Assistant Deputy Commissioner of the Bureau of Revenue Development and Automation ("ADC position"), for which she was highly qualified, had been filled by a less qualified, younger candidate, Darshan Taylor, with active assistance from Jewram. Despite her qualifications, Plaintiff was not granted an interview. In January 2023, upon learning of Taylor's promotion, Plaintiff experienced severe physical and emotional distress, becoming so ill that she had to leave the office immediately. She was subsequently approved for FMLA leave and granted reasonable accommodation to work from home starting April 4, 2023. However, this accommodation was revoked in December 2024 by Jewram and Taylor, just one day after the Court denied the motion to dismiss as against Jewram.

## II.    Defendants Refuse to Search Text Messages

On August 14, 2024, Plaintiff served an ESI proposal with four custodians and twenty-six search terms. The proposal also stated that "The following sources must be searched: 1. Custodian cell phones issued by the City and 2. Custodian personal cell phones used to conduct or discuss City business." **Ex. 2**. The parties met and conferred on the ESI proposal on September 16 and discussed, inter alia, then-defense counsel Desiree Alexander "look[ing] to agency to see information on devices for custodians…" **Ex. 3** at 10.

On September 19, Defendants' ESI counsel, Karel Jaros wrote, "We had mentioned cell phones - to the extent relevant cell phone data exists, we will need search parameters suitable for text messages." *Id*. at 7-8. On September 24, Plaintiff asked for identifying information on the devices used and associated phone numbers before a search could be run. *Id*. at 2. On October 1, Mr. Jaros suggested discussing cell phones when the device types became known. *Id*. at 1. Mr. Jaros never reported back on the device types.

On September 27, after the filing of the motion to dismiss the Amended Complaint, Mr. Olert filed a notice of appearance. Dkt. # 33. After the order denying the motion to dismiss was filed and the parties further addressed ESI, on January 8, 2025, Mr. Olert wrote, "I don't think we discussed cellphones previously and it's far too late to begin a cellphone search. Given the already significant amount of ESI that Defendants are going to produce, conducting an additional search of cellphones is disproportionate to the needs of this case." **Ex. 1** at 3. Plaintiff objected that search of cellphones was discussed as part of ESI and that "cellphone searches are essential and non-negotiable." *Id*. at 2. In response, Mr. Olert wrote that "the cellphone issue will have to be briefed." *Id*. at 1.

It bears noting during the last meet and confer, Plaintiff's counsel suggested that rather than use search terms, Defendants collect text messages containing terms relevant to the issues in this case, using readily available inexpensive tools such as decipher.com, but counsel refused.

## III.    Defendants Must be Compelled to Search for Texts

Defendants, either by themselves or using a third-party vendor, must search the HRA and personal phones of Jewram and relevant witnesses for texts. Under Rule 26, "[p]arties may obtain

*Ramirez v. City of New York, et al.*
**January 22, 2025**
Page 3 of 3

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To avoid production of ESI, the objecting party "must show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B); *Thomas v. City of New York*, 336 F.R.D. 1, 1 (E.D.N.Y. 2020); *Stinson v. City of New York*, 2015 WL 4610422, at * 4 (S.D.N.Y. July 23, 2015).

Texting is overtaking email in its importance for discovery. "Many Americans use text messages as their primary contact and access text messages much more than they would email or regular mail." *Yates v. Checkers Drive-In Restaurants, Inc.*, 2020 WL 6447196, at *3 (N.D. Ill. Nov. 3, 2020). "Counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004).

The Court should direct Defendants to either search or retain a vendor to adequately search cell phones, using forensic imaging or another reliable software method. Defendants failed to search, as promised, custodian phones. Plaintiff only listed four custodians to search for, including Plaintiff. In failing their discovery obligations, Defendants should not get a mulligan; a search is necessary using a vendor or by defendants themselves. *Schreiber v. Friedman*, 2017 WL 11508067, at *5 (E.D.N.Y. Aug. 15, 2017); *Tate v. Zaleski*, 2020 WL 3404739, at *6 (S.D. Miss. June 19, 2020) (compelling vendor search of personal cell phones in employment case where parties' search was incomplete and unreliable).

Plaintiff's entitlement to relevant discovery outweighs privacy concerns. *Johnson v. City of New York*, 2018 WL 276349, at *3 (E.D.N.Y. Jan. 3, 2018) (ordering defendants to produce personal phone records in employment discrimination case and finding privacy objection "conclusory and lacking good cause or claims of privilege as required by Federal and Local Rules."). Privacy can be addressed by a confidentiality agreement and limiting the search to the search terms agreed to by the parties for ESI. *Co. v. Glob. Bio-Fuels Tech., LLC*, 2016 WL 6605070, at *3 (N.D.N.Y. May 20, 2016) (privacy concerns in laptop search by expert satisfied with use of targeted search terms); *Schreiber*, 2017 WL 11508067, at *6 (privilege review adequately protects privacy concerns from imaged devices).

Accordingly, Plaintiff respectfully requests that the Court (1) compel Defendants to search the HRA-issued and personal cell phones of Plaintiff, Defendant Jewram, Darshan Taylor, and Tabitha Brown (former Deputy Commissioner of Finance/ORMD) as identified in Plaintiff's ESI proposal using forensic imaging or software capable of recovering deleted texts, (2) require the vendor to provide a Hit Report, and (3) direct Defendants to produce relevant texts with a report indicating the dates any texts were deleted.

                                            Respectfully submitted,

                                            Samuel O. Maduegbuna

cc:    Bryan Carr Olert, Esq. (*via* ECF)