

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Bryan Carr Olert
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-2203
bolert@law.nyc.gov

March 10, 2024

**BY ECF**
Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 11201

> The parties should try to resolve this dispute (a 10 minute meet and confer does not bespeak good faith on either end) and if they can't resolve it, plaintiff should respond by **March 12, 2025 at 5:00 PM**.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: March 11, 2025

Re: *Sally Ramirez v. The City of New York et al.*
No. 24-CV-01061 (AS)

Dear District Judge Subramanian:

    I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action. Defendants write to respectfully request that the Court quash the subpoena for the deposition of Gordon Kraus-Friedberg, annexed hereto as Exhibit A. Plaintiff is already scheduled to depose ten witnesses in this action,[1] and thus Plaintiff must show good cause to depose additional witnesses. Plaintiff cannot show good cause because Mr. Kraus-Friedberg retired in 2016 and thus his testimony is completely irrelevant to Plaintiff's claims, which challenge actions beginning six years later in 2022, and is disproportionate to the needs of this single-plaintiff case. Plaintiff's attempt to exceed the presumptive ten-witness limit is also premature, given that Plaintiff has not completed deposing the ten witnesses already scheduled. For these reasons and as further set forth herein, Defendants respectfully request that the Court quash the subpoena of Mr. Kraus-Friedberg.

  **A. Meet and Confer Requirement**

    To the extent that this motion to quash qualifies as a discovery dispute, the lead trial counsel conferred pursuant to Paragraph 5(D) of Your Honor's Individual Practices. The parties conferred on March 5, 2025, at approximately 4:00 p.m., for approximately ten minutes.

---

[1] Plaintiff is currently scheduled to depose the following witnesses on the following dates: Patricia Collins on March 10; S. Devi Jewram on March 11; Darshan Taylor on March 13; Wakina Concepcion on March 14; Denita Williams on March 17; Gary Gerdes on March 19; Rosine Ferdinand on March 20; Compton Gross on March 24; and Athina McBean on March 26. In addition, Plaintiff has subpoenaed Tabitha Brown, Plaintiff's former supervisor, to testify on April 1; Defendants are not opposing that subpoena. Finally, on February 28, 2025, Plaintiff noticed the deposition of current City employee Lowell Reiter. Defendants are opposing the production of Mr. Reiter, and Plaintiff indicated that she would move to compel his deposition. All told, Plaintiff has noticed the depositions of ten witnesses and subpoenaed two others.

1

Present at the conference were Bryan Carr Olert, lead trial counsel for Defendants, and Samuel O. Maduegbuna, lead trial counsel for Plaintiff. Counsel agreed that they were at an impasse, and the undersigned informed Mr. Maduegbuna that Defendants would file this letter motion to quash.

### B. Legal Standard

The Federal Rules require that "[a] party must obtain leave of court … if the parties have not stipulated to the deposition and … the deposition would result in more than 10 depositions being taken." Fed. R. Civ. P. 30(a)(2)(A)(i). "The purpose of that rule is to enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery.'" *Galgano v. Cty. of Putnam*, No. 16-CV-3572 (KMK) (PED), 2021 U.S. Dist. LEXIS 99702, at *5 (S.D.N.Y. May 26, 2021) (quoting *Sigala v. Spikouris*, No. 00-CV-0983 (ILG), 2002 U.S. Dist. LEXIS 10743 at *3 (E.D.N.Y. Mar. 7, 2002)). Thus, "the mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual." *Galgano*, 2021 U.S. Dist. LEXIS 99702, at *5 (quotation omitted). Rule 26 sets forth the factors the Court should consider when a party seeks to exceed the ten deposition limit imposed by Rule 30(a)(2)(A)(I), including whether:

> [1] the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less extensive, [2] the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, and [3] the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)). In other words, where a party seeks to depose more than ten witnesses, she must show "good cause" to exceed the presumptive ten-deposition limit established under Rule 30. *See Hertz Corp. v. Accenture LLP*, No. 1:19-CV-03508 (WHP) (SDA), 2020 U.S. Dist. LEXIS 40850, at *6 (S.D.N.Y. Mar. 9, 2020) (emphasis added). More generally, Rule 26 encourages courts to, on motion or *sua sponte*, limit discovery based on the circumstances, including whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2018 U.S. Dist. LEXIS 22996, at *13 (S.D.N.Y. Feb. 12, 2018).

### C. The Court Should Quash the Subpoena

The Court should quash the deposition of Mr. Kraus-Friedberg because Plaintiff cannot meet her burden of showing good cause to exceed the presumptive ten-deposition limit. Plaintiff's claims are premised on allegedly discriminatory actions by individual defendants S. Devi Jewram and Darshan Taylor that began in October 2022. *See generally* Second Amended Complaint. Mr. Kraus-Friedberg retired in 2016, six years before the challenged denial of promotion, and did not report to Ms. Jewram or Mr. Taylor. Thus, he cannot have information relevant to Defendants' alleged denial of Plaintiff's application for promotion in 2022 or the denial of her accommodation request in 2024. Mr. Kraus-Friedberg's total lack of connection to the

parties' claims and defenses renders his deposition irrelevant and disproportionate to the needs of this case.

Plaintiff's subpoena should also be quashed as premature because Plaintiff has not even deposed the ten witnesses that are already scheduled. Courts routinely deny requests to depose additional witnesses where a party has not reached the presumptive limit of ten depositions. *See, e.g.*, *Hertz Corp.*, 2020 U.S. Dist. LEXIS 40850, at *6 ("If, after reaching the presumptive limit of 10 depositions, Accenture can show good cause that there is non-cumulative deposition discovery that it still needs, and that discovery is proportional to the needs of the case, it can seek to take one or more additional depositions."); *Ezeh v. McDonald*, No. 13-CV-6563, 2016 U.S. Dist. LEXIS 31331, at *9 (W.D.N.Y. Mar. 10, 2016) ("[I]t appears that plaintiff has not yet deposed anyone in this case. Until some discovery has been conducted … this Court is not convinced that plaintiff needs to exceed the ten deposition limit."); *Parimal v. Manitex Int'l, Inc.*, No. 3:19-CV-01910 (MPS), 2021 U.S. Dist. LEXIS 94060, at *6 (D. Conn. May 18, 2021) ("On the current record, and particularly because plaintiff has not yet exhausted his presumptive limit of ten depositions, the Court denies plaintiff's request to take thirteen depositions."). At present, given the scheduled depositions that remain to be taken, Defendants respectfully aver that the Court cannot ascertain whether the testimony Plaintiff seeks from Mr. Kraus-Friedberg would be unreasonably cumulative or duplicative of the testimony of the ten witness who are thus far scheduled to be deposed.

This is a single-plaintiff case. The time period concerned is relatively brief. The claims are not complex. There is no reason to exceed the ten-deposition presumption before Plaintiff has deposed a single witness, particularly where, as here, the additional witness Plaintiff seeks to depose retired six years before the challenged actions and there is nothing in the record to support his relevance to Plaintiff's claims.[2]

In sum, the Court should quash Plaintiff's subpoena for the testimony of Mr. Kraus-Friedberg because his testimony is not relevant and is disproportionate to the needs of the case, and Plaintiff's subpoena is premature.

Thank you for considering this request.

Respectfully submitted,
/s/
Bryan Carr Olert
Assistant Corporation Counsel

Cc: Samuel O. Maduegbuna (by ECF)
Attorney for Plaintiff

---

[2] Plaintiff's premature attempt to depose Mr. Kraus-Friedberg is consistent with Plaintiff's maximalist approach to discovery throughout this litigation, with no consideration of cost or proportionality. Indeed, on March 7, 2025—eight months into discovery—Plaintiff served supplemental Rule 26 disclosures which identified an additional 24 individuals whom Plaintiff alleges have knowledge of Plaintiffs' claims. Given the April 14, 2025 discovery deadline, Defendants cannot possibly investigate 24 witnesses' alleged knowledge on such short notice.

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| SALLY RAMIREZ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 24-cv-01061-AS |
| CITY OF NEW YORK, ET AL. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Gordon Kraus-Friedberg
1417 East 15th Street, Brooklyn, New York 11230
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Maduegbuna Cooper LLP<br>30 Wall Street, 8th Floor<br>New York, New York 10005 | Date and Time:<br>04/01/2025 10:00 am |
|---|---|

The deposition will be recorded by this method: Videography and/or stenography

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/28/2025

*CLERK OF COURT*                                         OR                     [signature]

*Signature of Clerk or Deputy Clerk*                                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sally Ramirez , who issues or requests this subpoena, are:
Samuel O. Maduegbuna, 30 Wall Street, 8th Floor, New York, New York 10005, sam.m@mcande.com, 212-232-0155

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 24-cv-01061-AS

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).