UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sally Ramirez,<br><br>        Plaintiff,<br><br>  -against-<br><br>City Of New York et al.,<br><br>        Defendants. | 24-CV-1061 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  Plaintiff Ramirez asks the Court to impose Rule 11 sanctions on defendants for "knowingly advancing false arguments that [defendant Jewram] had no involvement in the posting, interviewing, hiring[,] or selection of the candidates . . . for the Assistant Deputy Commissioner position." Dkt. 63 at 1. Ramirez says that these arguments were revealed to be false based on subsequent discovery and thus should not have been made in defendants' two motions to dismiss. *Id.* at 1, 5–8; Dkt. 72 at 2 ("Defendants' assertion that they were entitled to argue Ramirez failed to state a claim of discrimination against Jewram . . . is not only untenable but blatantly disingenuous" because "documentary evidence unequivocally confirmed [Jewram's] direct involvement in the hiring process.").

  What defendants argue in their motions to dismiss is that Ramirez failed to sufficiently *allege* that Jewram was personally involved in selecting the new Assistant Deputy Commissioner. *See, e.g.*, Dkt. 13 at 5 ("Plaintiff does not allege any facts about the promotion process, nor any facts showing that Jewram had any personal involvement in the promotion process."); Dkt. 31 at 6 ("Plaintiff does not allege any facts to establish that Jewram had any personal involvement or ownership interest in making the decision to hire Taylor."). These are legal arguments about whether Ramirez's complaints satisfied pleading requirements, not post-discovery arguments about what the facts that have come out in discovery reveal. Regardless of whether Jewram was or was not in fact personally involved, Ramirez's complaint needed to make plausible allegations of Jewram's role for the case to move forward, and defendants made reasonable legal arguments identifying deficiencies in how Ramirez plead her case.

  Ramirez further argues that defendants' factual assertions were particularly harmful because the Court relied on them in granting defendants' first motion to dismiss. *See* Dkt. 63 at 8, Dkt. 72 at 3. However, it is beyond dispute that a court must take the facts alleged in the complaint as true at the motion to dismiss stage and cannot consider any factual assertions beyond the face of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" (citation omitted)). So the Court could not, and did not, rely on any factual assertions in defendants' motion to dismiss briefing in deciding the motions.

Based on these basic concepts about the role of a motion to dismiss, defendants' actions do not even come close to those warranting that this Court exercise its discretion to impose sanctions. The motion for sanctions is therefore DENIED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 61.

SO ORDERED.

Dated: April 9, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge