<div style="float:right;">

As plaintiff is well aware, discovery in this case closed nearly a month ago, and the deadline for summary judgment motions is June 7, 2025. The Court has repeatedly emphasized that there would be no further extensions to the schedule. This motion should have been filed as soon as the dispute became clear, but it was not. The Court will not order additional productions so close to the summary judgment deadline. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 84.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: June 5, 2025

</div>

# MADUEGBUNA COOPER LLP

ATTORNEYS AT LAW
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 232-0155
FAX: (212) 232-0156
www.mcande.com

May 30, 2025

**VIA ELECTRONIC MAIL**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Sally Ramirez v. City of New York, et al.*
**Docket No.: 1:24-cv-01061 (AS)**

Dear Judge Subramanian:

We represent Plaintiff Sally Ramirez and submit this letter pursuant to Local Rule 37.2 concerning Defendants' failure to provide complete responses to Plaintiff's May 15, 2025 deficiency letters and related discovery requests. Despite a May 27, over 30-minute meet and confer (**Ex. 8** at 1), Defendants have refused to supplement or amend their responses.

On May 12, 2025, Defendants served their Supplemental Responses and Objections to Plaintiff's Fourth Request for Production of Documents, Second Set of Interrogatories and Fifth and Sixth Request for Production of Documents. **Exs. 1-4**. On May 15, Plaintiff served two deficiency letters seeking to resolve disputes on 9 interrogatories, 11 document requests and Defendants' privilege log. **Exs. 5-6**. Defendants responded on May 23. **Ex. 7**; **Ex. 8** at 3-6.

Plaintiff seeks targeted discovery concerning comparator employees who received telework accommodations and basic litigation hold relevant to notice, preservation, and retaliation timing. These materials are directly tied to testimony and inconsistencies that emerged during depositions held in March 2025. We respectfully request that the Court compel Defendants to respond to the discovery.

**A. Defendants' Supplemental Responses to Fourth Request for Documents**

During depositions, Executive Deputy Commissioner Rosine Ferdinand testified that she was aware of Plaintiff's attempts to extend her reasonable accommodation, provided some input and knew of other employees who were on telework reasonable accommodations. **Ex. 9** at 147:6-11; 160:3-161:25; 172:15-174:16. As a result, Plaintiff requested production of the names of employees who were approved for telework as reasonable accommodation. **Ex. 1** at No. 1.

May 30, 2025
Page 2 of 4

Defendants raise three objections to Plaintiff's request for names of Finance Office employees granted telework: (1) it's an improper interrogatory; (2) it violates the Scheduling Order and Local Rule 33.3; and (3) it seeks sensitive data. Each claim is unfounded and misstates the standards.

Plaintiff seeks agency-held documents—such as records or lists—showing who was approved for telework. Courts regularly permit such requests under Rule 34, even if they include employee names. See *Berney*, 2021 WL 6334985, at *2. Even if viewed as interrogatory-like, Rule 33(d) allows requiring responses based on readily available business records. The City can produce this information without undue burden.

Defendants' reliance on Local Rule 33.3 and the Case Management Order (Dkt. #18) is misplaced. The request challenged is not an interrogatory and does not exceed any limits. Neither the rule nor the order bars Rule 34 requests or supplemental discovery following depositions. See *Kassner*, 496 F.3d at 244; *Siemens*, 2024 WL 3305602, at *3.

The request stems directly from Ferdinand's March 20, 2025 deposition, where she identified at least one employee (Laura Hicks) with a long-term telework accommodation. Plaintiff promptly followed up, seeking relevant, proportional discovery. To support her retaliation claim, Plaintiff is entitled to learn of other comparators—specifically, who in the Finance Office received telework accommodations, whether their requests were granted or withdrawn, and who was involved in those decisions. See *Vuona v. Merrill Lynch*, 2011 WL 5553709 (S.D.N.Y. Nov. 15, 2011).

Plaintiff does not seek sensitive health, performance, or disciplinary records—only the names of employees granted telework in a specific department and timeframe. Any privacy concerns can be addressed under the existing Protective Order (Dkt. #79) or a stipulation. See *Ladson*, 164 F.R.D. at 377 n.2.

Defendants argue that telework comparator data is irrelevant because the employees differ from Plaintiff. This confuses discoverability with admissibility. Under Rule 26(b)(1), relevance is broadly defined, and comparators need not be identical. See *Berney*, 2021 WL 6334985, at *2; *Bagley*, 2015 WL 8750901, at *2. Their reliance on *Clough* is misplaced—it addressed summary judgment, not discovery. Courts like *Chen-Oster*, 293 F.R.D. at 561, confirm that discovery standards are broader.

In sum, Plaintiff alleges she was denied telework while similarly situated employees were granted it. Identifying those employees is directly relevant to assessing discriminatory or retaliatory treatment. The request is narrowly tailored to Finance Office staff, for the same accommodation, within a set timeframe—an approach courts routinely approve. *Sanders v. SUNY Downstate Med. Ctr.*, 2024 WL 4198355, at *8.

### B. Defendants' Responses to Second Set of Interrogatories

In Interrogatories 16–24 of her Second Set, Plaintiff sought details about the litigation hold notice issued by HRA Legal Affairs, including who authorized and received it, how and when it was distributed, its contents, any follow-ups or tracking systems, related training, and whether Defendants Jewram, Taylor, and Ferdinand received it. Defendants objected to all.

May 30, 2025
Page 3 of 4

Defendants now claim the interrogatories are untimely and void (**Ex. 7** at 2–3), but made no such objection in their responses, instead stating they were "withholding responsive information" (**Ex. 2**). Their argument that Plaintiff's litigation hold metadata requests are procedurally or substantively improper lacks merit. Such metadata is discoverable under federal and local rules, especially where notice and spoliation are at issue. See *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 424 (S.D.N.Y. 2004); *United Illuminating Co. v. Whiting-Turner*, 2020 WL 8611045, at *3.

Defendants' timing objection fails in light of their ongoing disclosure duties under Fed. R. Civ. P. 26(e), especially where preservation practices are in question. Their reliance on Local Rule 33.3 and the Scheduling Order is misplaced—Rule 33.3(a) expressly permits interrogatories about the existence and location of relevant documents, which is exactly what Interrogatories 16–17 seek.

Defendants argue Plaintiff could have obtained litigation hold details from Jewram and Taylor, but both denied knowledge of the lawsuit or receiving a hold notice. In contrast, Ferdinand testified she received such notice (**Ex. 9** at 51:25–53:4), revealing a factual inconsistency that warrants further discovery. Courts in this District, including in *Winfield v. City of New York*, 2018 WL 840085, at *3, recognize such discrepancies as grounds for "discovery on discovery."

Defendants' procedural objection overlooks Rules 26(d) and (e), which allow follow-up discovery based on new deposition testimony. Plaintiff's April 23, 2025 interrogatories followed Ferdinand's March 20 testimony and were served before discovery closed, making them timely under Rule 26(b)(1)'s proportionality standard. See *Bagley v. Yale Univ.*, 315 F.R.D. at 147–48. Defendants wrongly claim Plaintiff offers only "conclusory" spoliation allegations. Ferdinand testified she received a litigation hold email and confirmed its content and timing (**Ex. 9** at 51:25–53:4), while Jewram and Taylor denied any knowledge of the litigation or notice. This clear inconsistency supports "discovery on discovery" under even strict standards. See *Winfield*, 2018 WL 840085, at *3; *Chen-Oster*, 293 F.R.D. at 561.

Defendants argue the litigation hold is irrelevant to notice, but Plaintiff is entitled to probe when Defendants anticipated litigation and how that shaped their conduct. The timing of litigation holds is directly relevant to the employer's knowledge of protected activity and the causal link—key elements of retaliation. See *Bagley*, 315 F.R.D. at 147–48. The Court should compel disclosure.

**C. Defendants' Responses to Fifth Request for Documents**

Defendants' procedural objection to Plaintiff's April 23, 2025 Fifth Request for Production misstates the Scheduling Order and ignores established case law permitting supplemental discovery after depositions or delayed productions. The request is proper under Rule 26(e) and controlling precedent. Defendants argue the Fifth Request was untimely, but courts permit follow-up discovery based on new evidence, even after deadlines. See *Kassner*, 496 F.3d at 244; *Siemens*, 2024 WL 3305602, at *3. Rule 26(e)(1) also requires supplementation of incomplete disclosures. See *McKinney*, 2011 WL 166199, at *2; *Allen*, 1985 WL 191, at *1. The request was specific, based on new facts, and made in good faith. Courts reject rigid enforcement of deadlines when it would hinder discovery. See *Star Direct*, 272 F.R.D. at 358. Defendants' position is thus baseless.

We thank the Court for its attention to this matter.

**May 30, 2025**
**Page 4 of 4**

                                                    Respectfully submitted,

                                                    Samuel O. Maduegbuna